**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PAN OCEAN SINGAPORE PTE, LTD,**

        **Plaintiff,**

-vs-                                                  **Case No. 6:09-cv-1206-Orl-31GJK**

**PAN OCEAN USA, LLC,**

        **Defendant.**

## ORDER

This matter comes before the Court on the Defendant's Amended Motion to Dismiss Complaint (Doc. 7) and the response (Doc. 11) filed by the Plaintiff. This case arises from allegations that the Defendant failed to pay for certain goods. In its motion, the Defendant sought dismissal on the grounds that its former co-defendant, Garrett Lim ("Lim"), was not diverse from the Plaintiff, and therefore this Court lacked subject matter jurisdiction over the dispute. Lim was alleged to have guaranteed Defendant's payment for the goods. After the motion to dismiss was filed, the Plaintiff dismissed Lim from this case. (Doc. 10).

Normally, the jurisdiction of a federal district court "depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). However, there is a long-standing exception to the time-of-filing rule: Rule 21 permits courts to cure jurisdictional defects at any time by dropping defendants, so long as they are not indispensable parties. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004). There is nothing in this record to suggest that Lim was an indispensable party. The

guaranty claim was the only one against him, and his absence will not result in prejudice to the remaining parties. His dismissal was therefore proper and cured the lack of diversity. Accordingly, it is hereby

     **ORDERED** that the Amended Motion to Dismiss Complaint (Doc. 7) is **DENIED**.

     **DONE** and **ORDERED** in Chambers, Orlando, Florida on July 30, 2009.

GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party