# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAN OCEAN SINGAPORE PTE, LTD,**

  **Plaintiff/Counter-Defendant,**

-vs-              Case No. 6:09-cv-1206-Orl-31GJK

**PAN OCEAN USA, LLC,**

  **Defendant/Counter-Plaintiff.**

_____

# ORDER

  This matter comes before the Court on the Motion to Dismiss and for more Definite Statement (Doc. 29) filed by the Plaintiff, Pan Ocean Singapore PTE, Ltd. ("POSIN") and the response (Doc. 31) filed by the Defendant, Pan Ocean USA, LLC ("POUSA").

  According to the allegations of the amended counterclaim (Doc. 27), which are accepted as true for purposes of resolving the instant motion, the parties to this suit were in the seafood business together. POSIN was responsible for procuring containers of seafood, such as crab claw meat and Tilapia, which POUSA would sell to retailers in the United States. POUSA alleges that POSIN breached the agreement between them in several ways, such as by procuring inferior quality crab meat (Count I), and by refusing to obtain the seafood needed to fill POUSA's commitments in the United States (Counts II through V).

  POUSA also asserts that it owns the US Trademark for "Pan Royal" canned crabmeat, which mark POSIN has been using, without permission, in connection with its own distribution and sale of crab meat. POUSA contends that POSIN's use of the mark constitutes trademark

infringement (Count VI) and counterfeiting (Count VII). POSIN seeks a more definite statement as to Count VI and dismissal of Count VII (Doc. 27).

POSIN contends that Count VII is due to be dismissed because POUSA fails to allege whether POSIN offered goods bearing the Pan Royal mark inside or outside the United States. POUSA responds by pointing out that, in paragraph 75, it has alleged that "POSIN's website offers seafood products for sale in the United States under the Pan Royal name and logo." (Doc. 27 at 17). However, paragraph 75 is part of Count VI, and POSIN did not reallege that paragraph in Count VII. POSIN's motion will be granted as to this counterclaim.

POSIN also argues that it is entitled to a more definite statement with regard to the trademark infringement claim (Count VI). POSIN contends that it is unable to frame a responsive pleading in the absence of information such as the location of the purported infringement, the date and duration of the alleged infringement, and the scope of the agency it was granted by POUSA as its exclusive distributor of crab meat. (Doc. 29 at 5-6). POSIN contends that such additional facts might provide an "entirely benign" explanation for POUSA's assertions, or provide POSIN with notice of potential affirmative defenses or compulsory counterclaims. (Doc. 29 at 6-7). However, the plaintiff is not obligated to plead with such specificity as to put the Defendant on notice of every potential explanation or affirmative defense. Rather, pursuant to Rule 12(e), a Defendant is entitled to enough specificity to allow it to frame a response. The details POSIN seeks –

at least some of which would be within POSIN's knowledge, such as the scope of its own agency – are not needed to frame a responsive pleading.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss and for more Definite Statement (Doc. 29) is **GRANTED IN PART AND DENIED IN PART**. Count VII of the amended counterclaim is **DISMISSED WITHOUT PREJUDICE**. Should POUSA wish to attempt to assert a viable counterfeiting claim, it may file a second amended counterclaim on or before February 15, 2009.[1] In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 1, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[1] Any such amended pleading should include the Pan Royal registration statement, which POUSA previously failed to attach.