# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PAN OCEAN SINGAPORE PTE, LTD,

          **Plaintiff,**

-vs-                                                                    Case No. 6:09-cv-1206-Orl-31GJK

PAN OCEAN USA, LLC,

          **Defendant.**

_____

## REPORT AND RECOMMENDATION
## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT (Doc. No. 59)** |
| **FILED:** | **October 1, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.    BACKGROUND.**

On April 30, 2010, Pan Ocean Singapore PTE, LTD (the "Plaintiff") filed an amended complaint (the "Complaint") against Pan Ocean USA, LLC (the "Defendant") alleging breach of a November 7, 2008 contract (Count I), breach of a December 14, 2008 contract (Count II), breach of a December 27, 2008 contract (Count III), breach of a March 7, 2009 contract (Count IV), breach of a January 18, 2009 contract (Count V), open account (Count VI), goods sold

(Count VII), ownership of a trademark (Count VIII), fraud (Count IX), cancellation of registration (Count X), and trademark infringement (Count XI). Doc. No. 45. The breach of contract (Counts I-V), open account (Count VI) and goods sold (Count VII) claims relate to the purchase of certain seafood products by Defendant from Plaintiff. Doc. No. 45 at 2-11. Plaintiff alleges that Defendant purchased the seafood products from Plaintiff through the use of a credit facility draw and a personal guaranty. Doc. No. 45 at 2. Plaintiff states that Defendant breached the above-mentioned contracts by failing to timely pay Plaintiff after the issuance of various bills of lading. Doc. No. 45 at 2-11. The table below illustrates the damages Plaintiff claims in Counts I-V:

| Counts | Damages |
|---|---|
| Count I | $347,848.20 |
| Count II | $342,994.55 |
| Count III | $171,769.50 |
| Count IV | $137,329.50 |
| Count V | $86,559.35 |
| Total | $1,086,501.10 |

Doc. No. 45 at 2-11. In Counts VI-VII, Plaintiff states that Defendant is entitled to two credits, of $8,282.10 and $300,000.00, for "cash secured on the credit facility." Doc. No. 45 at 9. Therefore, as to Counts I-VII, Plaintiff claims it is entitled to a liquidated amount or sum certain

2

in the total amount of $778,219.00 ($1,086,501.10 - $8,282.10 - $300,000.00 = $778,219.00). Doc. No. 45 at 9, 11.[1]

On September 7, 2010 default was entered against the Defendant for failing to abide by the orders of the Court. Doc. Nos. 56-57. On October 1, 2010, Plaintiff filed a Motion for Entry of Final Default Judgment (the "Motion"). Doc. No. 59. The Motion states:

> This is an action brought by Plaintiff to recover money for shipments of crabmeat to the Defendant, for which Plaintiff received no payment. Defendant has no pleading pursuant to court order. By default, each of the Defendants [sic] admits the well-plead allegations of fact and liability in the Second Amended Complaint [sic]. *See Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1346 (M.D. Fla. 1999). . . . Plaintiff claims $778,219 based on the bills of lading filed with the Complaint. A hearing is not necessary to support the Plaintiff's requested damages. See Complaint, DE 1, Exhibits. . . . WHEREFORE, based on the forgoing, Plaintiff requests that the Court enter final judgment in favor of Plaintiff and against Defendant . . . in the amount of $778,219. . . .

Doc. No. 59 at 2 (internal citations omitted). Plaintiff did not attach an affidavit to the Motion.

II. **ANALYSIS.**

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515

---

[1] Plaintiff's Complaint attaches commercial invoices, credits, and bills of lading relating to each of its breach of contract claims. *See* Doc. No. 45-1 at 1-34.
[2] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

F.2d at 1206).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter a default judgment. *Id*. The facts alleged in Counts I through VII of the Complaint are sufficient to establish a valid agreement for the purchase and sale of goods, Defendant's breach of each agreement by failing to pay, and damages. A default judgment "may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corporation v. Freeman*, 605 F.2d 854, 858 (5th Cir. 1979); *see also Jenkins v. Clerk of Court*, 150 Fed.Appx. 988, 989 (11th Cir. 2005) (unpublished) (same); *Suntrust Bank v. Milano*, 2010 WL 2804855 at *1 (M.D. Fla. Jul. 15, 2010) (where plaintiff's complaint for breach of contract sought liquidated sum, "[p]laintiff is entitled to final judgment for the liquidated sums . . . which are capable of mathematical computation or ascertainment from definite figures . . . in the documentary evidence or in detailed affidavits.").[3]

After reviewing the Complaint and the Motion, the undersigned recommends that the Court find Plaintiff is entitled to a final default judgment for a liquidated sum of $778,219.00 as detailed above. Accordingly, the undersigned **RECOMMENDS** that the Court:

1. **GRANT** the Motion (Doc. No. 59);

2. Direct the Clerk to enter a default judgment in the amount of $778,219.00 in favor of Plaintiff and against the Defendant; and

3. Direct the Clerk to close the case.

---

[3] *See* supra n. 2.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 23, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record